UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BOBBY LEE KENNEDY, ) | CASE NO. 3:08 CV 0279 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| OHIO DEPT. OF REHAB. & CORR., et al. ) | |
| ) | |
| Respondents. ) | |

Pro se petitioner Bobby Lee Kennedy filed the above-captioned "Emergency Motion to Swash [sic] Ohio Department of Rehabilitation Illegal Extradition Procedures Forthwith" on February 5, 2008. He named the Ohio Department of Rehabilitation (ODRC) and Leslie Payton, Ohio Records as respondents. Mr. Kennedy seeks this court's intervention to prevent his "extradition" to Ohio and for his immediate release upon completion of his present sentence.

BACKGROUND

This is the third petition Mr. Kennedy filed in this court related to a detainer lodged by the State of Ohio in 2005. The first petition was dismissed on June 20, 2006 without prejudice for failing to exhaust state court remedies. See Kennedy v Drew, et al., No.3:06cv0758 (N.D. Ohio filed Apr. 3, 2006)(Gwin, J.) In the Memorandum of Opinion and Order dismissing Mr. Kennedy's petition, Judge Gwin explained that although petitioner

> filed a pending mandamus action he does not indicate that an unfavorable decision has been issued by the court. To be eligible for habeas relief on any given claim, a state prisoner first must fully and fairly present his claim, as a matter of federal law, to state courts. See Picard v. Connor, 404 U.S. 270, 275 (1971). Merely raising an issue as a matter of state law will not satisfy the exhaustion requirement. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). If

>petitioner receives an unfavorable decision on his pending mandamus
>action then he should exhaust his appropriate state court remedies.

Id. at 4-5.[1] When Mr. Kennedy filed his petition in 2006 he was serving a sentence in Talladega Federal Correctional in Talladega, Alabama.

After his term in Alabama ended, petitioner began serving a one year term of imprisonment in the State of Georgia. During that time, Mr. Kennedy filed a pro se petition in the United States District Court for the Middle District of Georgia on July 23, 2007. Kennedy v. Meadows, et al., No. 1:07cv0120 (M.D. Ga. filed July 23, 2007). He sought a court order to have a detainer lodged by the State of Ohio "swashed [sic]" and to be released from prison. Judge W. Louis Sands construed the pleading as an attack on the legality of petitioner's Ohio sentence, dismissed his parole claims against the Georgia Board of Pardons, dismissed the Board as a party from the action and transferred the petition from the Middle District Court of Georgia to the Northern District of Ohio. The case was then filed in this court on October 30, 2007. Kennedy v. Meadows, No. 3:07cv3361 (N.D. Ohio 2007)(Economus, J.) Judge Peter C. Economus dismissed the matter without prejudice on January 10, 2008 for failing to exhaust his state remedies.

Mr. Kennedy's current pleading challenges an alleged order of extradition received from the State of Ohio, which would transfer him from Georgia back to state prison in Ohio. He challenges the "extradition" because he claims his Ohio sentence has expired. This, of course,

---

[1]The court's reference to a "pending mandamus" was based on the following representations Mr. Kennedy made in his 2006 petition:

>At some point in the later part of 2005, Mr. Kennedy filed a Petition for Writ of Mandamus in the Court of Common Pleas, Lucas County Ohio. The petition was opposed by the county prosecutor in December 2005, who explained that Judge Skow's order to have Mr. Kennedy's state sentence served concurrently and coterminously with his federal sentence was invalid. The prosecutor maintained that prior to the enactment of Senate Bill 2 (SB2) in 1996, it was the Ohio Parole Authority that had exclusive authority to determine the length of an offender's criminal sentence. As such, Judge Skow's order in 1988 was an improper attempt to control the length of petitioner's sentence and invaded the province of the Ohio Parole Authority. There is no indication that, to date, a ruling has been issued in the Mandamus action.

Kennedy v. Drew, No. 3:06cv0758, Mem. Op. at 3.

directly attacks the legitimacy of his state sentence in Ohio.  As the court has noted previously, the issue must be exhausted through the highest court in the state of Ohio. Since Judge Economus dismissed Mr. Kennedy's petition three months ago, however, there is no indication that he exhausted his state court remedies. Thus, this matter is still not ripe for review by this court.

Based on the foregoing, the petition is dismissed without prejudice for failure to exhaust state court remedies.[2]  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Dan Aaron Polster 3/27/08
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2]This court expresses no opinion concerning whether Mr. Kennedy's claims are cognizable or concerning whether he may be found to have procedurally defaulted on said claims once he exhausts the state remedies available to him.